IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANNE M. WELCH
                           **Plaintiff,**

      versus                                        Case No.: 2:08-cv-705-JES-SPC

TARGET NATIONAL BANK

                           **Defendant.**
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

      1.      This is an action for actual damages, statutory damages, punitive damages, and legal fees and expenses filed by the Plaintiff for the Defendant's improper and illegal actions and conduct which are not in compliance with and, in fact, are in violation of the Fair Credit Reporting Act, (15 USC Section 1681), the Discharge Injunction (11 USC Section 524), and the Florida Consumer Collections Practices Act (Chapter 559 of the Florida Statutes).

### JURISDICTION AND VENUE

      2.      Jurisdiction is conferred on this Court pursuant to Section 1681p of Title 15 of the United States Code; Section 1331 of Title 28; and Section 1334 of Title 28 of the United States Code.

      3.      This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

      4.      Venue lies in this District pursuant to Sections 1391(b) and 1409 of Title 28 of the United States Code.

### PARTIES

      5.      The Plaintiff is a natural person residing in the City of Naples, County of Collier, State of Florida, and was also a debtor under the provisions of Chapter 7 of Title 11 of the United States Code Case Number 09:06-bk-06521-ALP.

      6.      The Plaintiff is a "consumer" and "debtor" as those terms are defined under the

applicable Federal and State statutes.

7. The Defendant, Target National Bank, (hereinafter referred to as "Target," the "Defendant," or "Defendant Target"), is upon information and belief a national bank engaged in the business of consumer lending in Florida and elsewhere. Upon information and belief Target National Bank was f/k/a Retailers National Bank and maintains a principal office at 3901 W. 53rd St., Sioux Falls, South Dakota 57106.

## FACTUAL ALLEGATIONS

8. Before the commencement of her Chapter 7 case, the Plaintiff incurred a credit card debt with Target.

9. On or about November 17, 2006, the Plaintiff sought protection from her creditors by filing a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida.

10. On or about November 24, 2006 a notice was forwarded to all creditors in the Debtor's Chapter 7 Case, 09:06-bk-06521-ALP, Docket #5, titled "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines." (Exhibit A). Said Notice clearly states that Creditors May Not Take Certain Actions: "The filing of a bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

11. A copy of the Notice of Meeting of Creditors, along with its Certificate of Service, is attached hereto and incorporated herein as Exhibit A.

12. A copy of this Notice was served upon all parties on the Court's approved mailing matrix. (Exhibit B).

13. According to the Certificate of Service attached hereto as Exhibit A, the Defendant was served electronically at: WTRRNBANK.COM TNB-VISA, 3701 Wayzata Blvd., Minneapolis, MN 55416-3401

14. The 341(a) meeting of creditors was held in Fort Myers, Florida on January 30, 2007.

15. The Plaintiffs' Chapter 7 schedules filed on or about November 17, 2006 included a debt owed to the Defendant for an unknown amount.

16. On or about March 13, 2007 the Plaintiff received a Discharge in her Chapter 7 bankruptcy case. (Exhibit C).

17. On or about March 15, 2007 Defendant received notice of the Plaintiff's Discharge of her Chapter 7 bankruptcy case. (Exhibit C).

18. On or about June 20, 2007 the Honorable Alexander Paskay issued a Final Decree in the

2

the Plaintiff's Chapter 7 bankruptcy case. (Exhibit D).

19. The Defendant Target has continued to report a debt owed to TNB-VISA on the subject account as a "CHARGED OFF ACCOUNT" on the Plaintiff's credit files as indicated on consumer credit report secured by the Plaintiff from Equifax Credit Information Services. This report states that the discharged debt to the Defendant has a current past due balance of $6,949.

20. The Plaintiff, who has been unable to secure new credit due to this erroneous negative credit history, eventually took this matter up with their Chapter 7 attorney, Carmen Dellutri.

21. The Plaintiff has disputed the erroneous reports in writing on multiple occasions and the Defendant continues to report the debt as owed.

22. Disputes were made to all three credit reporting agencies ("CRAs") in April, 2007 by certified mail, return receipt requested. (Exhibit E).

23. Upon information and belief, the CRAs, in an attempt to conduct a reasonable investigation, notified Defendant of the dispute.

24. Upon information and belief, Defendant failed to update Plaintiff's credit report upon being notified by the CRAs.

25. Defendant's failure to update Plaintiff's report was willful and done as an indirect method of debt collection.

26. Plaintiff also disputed the inaccurate reporting directly to Defendant.

27. On February 15, 2008, Plaintiff brought suit against Defendant Target as well as two other Defendants (Welch v. Chase Bank, N.A., et al, United States District Court for the Middle District of Florida Case No. 2:08-cv-121) (hereinafter referred to as the "original lawsuit").

28. Plaintiff settled the dispute with the two other Defendants in that action but voluntarily dismissed the complaint against Defendant Target without prejudice due to time constraints at that time.

29. Despite the notice, original lawsuit, and knowledge of the hardship placed on Plaintiff, Defendant Target continues to inaccurately report the debt on Plaintiff's credit report.

30. Defendant Target's conduct and position in not correcting the inaccuracy despite said notice and knowledge can only be seen as a backdoor method to collect an otherwise non-collectable debt by forcing Plaintiff to choose between paying Defendant's barred debt or being denied credit.

31. Plaintiff's "choice" in paying a discharged debt or being denied credit is contrary to the goals of her bankruptcy relief.

32. The Plaintiff avers that at all times relevant to the allegations herein:

3

a. The Defendant has substantially frustrated the discharge order entered in this case and its conduct constitutes gross violations of the discharge injunction as provided by Section 524 of Title 11 of the United States Code and further have caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code;

b. The Defendant knew and in fact had actual knowledge that the Plaintiff was previously involved in bankruptcy and was therefore protected from any direct or indirect collection acts whatsoever by virtue of the Discharge Injunction provided for by Section 524 of Title 11 of the United States Code and, notwithstanding such knowledge, willfully failed to withdraw its erroneous credit information within the statutory time allowed by the Fair Credit Reporting Act (15 USC 1681s);

c. The Defendant at all times relevant to the allegations in this complaint knew that the Plaintiff was represented by an attorney in connection with their bankruptcy filing and that the underlying debt owed by the Plaintiff was in fact a "consumer debt" as that term is defined by applicable Federal and State statutes; and

d. The Defendant intentionally failed to correct the erroneous credit information in an effort to indirectly collect a discharged debt from the Plaintiff in direct violation of the specific provisions of Section 1681s of Title 15 of the United States Code, commonly known as the Fair Credit Reporting Act and in violation of the applicable provisions of Florida Statutes, commonly known as the Florida Consumer Collections Practices Act.

33. The Plaintiff alleges that the violations of the non-bankruptcy laws justify and enhance the necessity for the award of substantial and significant punitive damages in this case.

34. The Plaintiff is informed and believes and therefore alleges that as a result of these allegations she is entitled to the recovery of actual damages, including emotional distress, punitive damages, statutory damages, legal fees and expenses.

35. The Plaintiff alleges that she has engaged in numerous meetings with her attorneys and members of their staff about this matter.

36. The Plaintiff is informed and believes and therefore alleges that the Defendant had an affirmative duty under *Nelson v Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002), to conduct a proper reinvestigation and to correct all erroneous consumer credit information: (1) after receiving notice of the order of discharge entered on March 13, 2007; (2) after receiving notice of the disputed reporting from the CRAs; (3) after receiving notice from the Plaintiff of the inaccuracy; and (4) after Plaintiff filed her original lawsuit on the issue. The Plaintiff alleges that the Defendant willfully, intentionally and without any just cause failed to comply with this duty.

37. The Plaintiff also alleges that the Defendant failed to cause the consumer credit reports

4

of the Plaintiff to be amended so as to list all debts discharged in bankruptcy has having a "0" credit balance. The Plaintiff alleges that the Official Staff Commentary to Section 607 of the Fair Credit Reporting Act provides as follows: "A consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

38. The Plaintiff alleges that the issuance of the discharge order by this Court and the receipt of the same by Equifax, Experian and TransUnion and the Defendant, as well as the notices of dispute sent by Plaintiff to the CRAs and Plaintiff's original lawsuit, constituted the initiation of a dispute pursuant to Section 1681i of Title 15 of the United States Code.

## **FIRST CLAIM – VIOLATION OF FAIR CREDIT REPORTING ACT**

39. The Plaintiff sues Defendant Target and re-alleges and incorporates the allegations in paragraphs 1 through 38 as though specifically plead herein, and she further alleges the following:

40. The Plaintiff avers that as a result of the unlawful actions of the Defendant Target as alleged herein they have been required to devote countless and unnecessary hours to seek to correct the erroneous information on her consumer credit report. The Plaintiff further alleges that upon receipt of the Discharge Order, subsequent written notices from both the CRAs and Plaintiff, and the original lawsuit the Defendant was under a statutory duty to correct, update previously reported information determined to be incomplete or in accurate, and to report as disputed any information known to be disputed by the Plaintiff. The Plaintiff further alleges that the receipt of the Discharge Order, notice by the CRAs, subsequent written requests, and original lawsuit constituted notice pursuant to Section 1681i(a)(2) of Title 15 of the United States Code (the Fair Credit Reporting Act) that all debts previously reported as owed were no longer accurate and should be thereafter reported as having a "0" balance.

41. The Plaintiff also avers that she has constantly worried and been otherwise distressed about this situation and have feared that the Defendant had some improper motive for the improper credit reporting.

42. The Plaintiff alleges that as a result of the willful and intentional violations of this statute she is entitled to the recovery of actual damages, statutory damages, costs and legal fees.

## **SECOND CLAIM- VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

43. The Plaintiff sues the Defendant for damages, and incorporates paragraphs 1 through 38, as though specifically plead herein, and she further alleges the following:

5

44. The alleged violations of Florida Statue §559.55 et seq., by the Defendant, in this Claim of the Plaintiff's complaint, occurred in Lee County, Florida.

45. The Defendant authorized and/or facilitated against the Plaintiff an attempt to directly or indirectly collect a debt from the Plaintiff when it either knew or should have known that the alleged debt was included in the Debtor/Plaintiff's bankruptcy proceeding and therefore, as a result of the discharge, not legally owed.

46. The Defendant had a duty to verify that the alleged debt was, in fact, a valid consumer debt prior to authorizing an attempt and/or continuation of an attempt to directly or indirectly collect the debt.

47. The Defendant either breached its duty to verify that the authenticity of the alleged consumer debt and/or failed to review the account history of the alleged consumer debt.

48. The Defendant violated Florida Statute § 559.72 by intentionally attempting to directly or indirectly collect on this alleged consumer debt when it either specifically knew or should have known that the Plaintiff had included the debt in her bankruptcy petition.

49. As a direct and proximate result of the Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression. The Plaintiff continues to be fearful, anxious, nervous and depressed.

50. The Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred by the Plaintiff but for the violation of Florida Statute § 559.72. Accordingly, the Plaintiff seeks actual damages, statutory damages, punitive damages, reasonable attorney's fees and costs pursuant to Florida Statute §559.77.

### THIRD CLAIM- VIOLATION OF THE DISCHARGE INJUNCTION

51. The Plaintiff sues Defendant Target and re-alleges and incorporates the allegations in paragraphs 1 through 38 as though specifically plead herein, and she further alleges the following:

52. The Plaintiff alleges that the conduct of the Defendant in this case has substantially frustrated the discharge order entered in this case and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

53. The Plaintiff also alleges that in order to carry out the provision of the Code and to maintain the Bankruptcy Court's integrity must impose actual damages, punitive damages and legal fees against the Defendant pursuant to the provisions of Section 105 of the Code.

54. The Plaintiff further alleges that in order to protect the Debtor who has completed her Chapter 7 case and secured a full discharge thereunder this Court must impose sanctions against the Defendant for its misconduct in this case.

**WHEREFORE,** the Plaintiff having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

A. That the Plaintiff has and recover against the Defendant a sum in excess of $5,000.00 in the form of actual damages;

B. That the Plaintiff has and recover against the Defendant a sum in excess of $5,000.00 in the form of punitive damages;

C. That the Plaintiff has and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

D. That the Plaintiff has such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, DIANE M. WELCH, hereby demands a jury trial on all issues so triable herein.

Dated this the 28th day of October, 2008.

> THE DELLUTRI LAW GROUP, P.A.
> 1436 Royal Palm Square Boulevard
> Fort Myers, Florida  33919
> Phone (239) 939-0900
> Fax (239) 939-0588
> www.DellutriLawGroup.com
> *Attorneys for the Plaintiff/Debtor*
>
> By: /s/ David W. Fineman
> David W. Fineman, Esq.
> Fla. Bar No.  0040993
> dfineman@DellutriLawGroup.com

P:\Dellutri Firm Documents Master\BANKRUPTCY CLIENTS\W\Welch, Dianne\FCRA LAWSUIT\08-02-08 Complaint.doc