UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANNE M. WELCH,

           Plaintiff,

vs.                               Case No. 2:08-cv-705-FtM-29SPC

TARGET NATIONAL BANK,

           Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Target National Bank's Motion for Dismissal of Amended Complaint (Doc. #15) filed on November 11, 2008. Plaintiff's Response (Doc. #16) was filed on November 21, 2008. For the reasons discussed below, the Court finds that the motion should be granted in part and denied in part.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274

(11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, No. 07-1015, __ S. Ct. ___, 2009 WL 1361536, at *2 (May 18, 2009).

## II.

Plaintiff Dianne M. Welch (plaintiff or "Welch") incurred a credit card debt with Target National Bank (defendant or "Target") and subsequently filed a Chapter 7 bankruptcy petition. In due course, Welch received a discharge in bankruptcy, which included her debt to Target. Target thereafter continued to report the discharged credit card debt to at least one credit reporting agency, as having a current past due balance of $6,949.00. Welch disputed this characterization of the debt as having a past due balance and communicated with Target regarding her dispute on multiple occasions, but Target refused to change its records and continues to inaccurately report the debt on Welch's credit report. Plaintiff asserts that Target's refusal to correct the inaccurate

information is a "backdoor method" of collecting the discharged debt.

Welch filed a three-count Amended Complaint (Doc. #13) against Target asserting the following claims: (1) Violation of the Fair Credit Reporting Act (First Claim); (2) Violation of the Florida Consumer Collection Practices Act (Second Claim); and (3) Violation of the Discharge Injunction (Third Claim). Target asserts that all claims should be dismissed.

**III.**

Target asserts that the First Claim fails to state a claim under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., because only a consumer reporting agency can provide notice of a dispute and the information that Target provided to the credit reporting agency was not inaccurate or incomplete. (See Doc. #15.) The Court does not read the statute to restrict notice to that given by a consumer reporting agency and Target has failed to cite any case law supporting their position to the contrary. Additionally, plaintiff alleges in her Amended Complaint that Target reports that a balance of over $6,000 is due on the debt; under the facts alleged, this certainly is plausibly inaccurate information. Thus, defendant's motion to dismiss the First Claim is denied.

Target asserts that the Second Claim, which alleges violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq., must be dismissed because it is preempted by the

federal Fair Credit Reporting Act and because the Amended Complaint fails to state a claim under the Florida statute. Under the facts alleged, the Court concludes that plaintiff's "collection" claim is plausible and therefore not subject to dismissal. Additionally, plaintiff's "collection" claim is not preempted by the federal statute. See 15 U.S.C. § 1681t(a).

Finally, Target asserts that the Third Claim, which alleges a violation of the Bankruptcy Court discharge injunction, must be dismissed for failure to state a claim because defendant's conduct was not an act of debt collection and because any claimed violation of the bankruptcy discharge injunction must be brought in the Bankruptcy Court. The Court agrees with defendant that there is no private cause of action which may be brought in the District Court for an alleged breach of the Bankruptcy Court discharge injunction. Walls v. Wells Fargo Bank, N.A., 276 F.3d 502 (9th Cir. 2002); Ryan v. Ohio Edison Co., 611 F.2d 1170 (6th Cir. 1979). Because the matter can only be resolved in the Bankruptcy Court, the Court need not opine on whether the alleged conduct violated the discharge injunction.

Accordingly, it is now

**ORDERED:**

Defendant Target National Bank's Motion for Dismissal of Amended Complaint (Doc. #15) is **GRANTED** in part and **DENIED** in part. The motion is denied as to the First Claim and the Second Claim,

and is granted as to the Third Claim, which is dismissed without prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this  15th  day of June, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record